UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**SERGIO GONZALEZ, SR.**,　　　　　　　　　Case No. 1:13 CV 2341

　　　　Plaintiff,　　　　　　　　　　　　　　Magistrate Judge James R. Knepp, II

　　v.　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION AND ORDER

**COMMISSIONER OF SOCIAL SECURITY**,

　　　　Defendant.

## INTRODUCTION

Plaintiff Sergio Gonzalez, Sr. filed an action for judicial review of the administrative denial of benefits. On February 18, 2015, the Court issued an opinion and order remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g). (Doc. 21). Plaintiff then filed the pending Motion for Attorney Fees seeking $3,567.60 in fees. (Doc. 23). Defendant filed a response stating the Commissioner would not file objections to Plaintiff's Motion. (Doc. 24). For the reasons discussed below, the Court grants Plaintiff's Motion.

## DISCUSSION

The Equal Access to Justice Act ("EAJA") directs courts to award fees and expenses to parties who prevail against the United States in litigation if, among other conditions, the government's position was not "substantially justified." 5 U.S.C. § 504(a)(1). Because the Court issued a sentence-four remand, Plaintiff is a "prevailing party" eligible for attorney's fees. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993).

The government's position is "substantially justified" if it had "a reasonable basis in both law and in fact" or was "justified to a degree that could satisfy a reasonable person." *Pierce v.*

*Underwood*, 487 U.S. 552, 564–65 (1988). Defendant has the burden of establishing that his position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004). "The fact that . . . the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). To defeat a request for attorney's fees under the EAJA both the underlying agency position and the litigation position must be "substantially justified". 28 U.S.C. § 2412(d)(2)(D); *Delta Eng'g v. U.S.*, 41 F.3d 259, 262 (6th Cir. 1994).

Defendant has the burden of proving its position was substantially justified; it has not done so in this case as evidenced by the lack of objection to Plaintiff's Motion. (*See* Doc. 24). Thus, Plaintiff may recover fees in accordance with the EAJA.

Next, Plaintiff requests that a fee in excess of $125, the statutory maximum, be granted. (Doc. 23, at 4-10); § 504(b)(ii). The Act allows for increases if the court "determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of proving an increase is necessary and producing evidence in support of that request. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Sufficient satisfactory evidence can be "prevailing rates within the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 449-50. When reviewing applications for increased fees Courts are to "carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

In support of this request, Plaintiff provided affidavits from counsel — Paulette Balin and Matthew Shupe, an itemized list of work, Consumer Price Index ("CPI") – All Urban Consumers, *The Economics of Law Practice in Ohio*, Producer Price Index, Legal Services 1996-2012, affidavits of Attorneys Sabrina Veal and Louise Mosher, and copies five cases awarding attorney's fees. (Doc. 23, Exs. A-P). Plaintiff has requested an hourly fee of $180.58[1] for work performed in 2013 and an hourly fee of $183.75[2] for work performed in 2014 and 2015 based on a calculation utilizing the Urban CPI. (Doc. 23, at 7). Attorney Veal's affidavit states she is a case manager at Paulette Balin's firm and that the hourly rate charged by the firm is $350 per hour. (Doc. 23, Ex. C). Attorney Mosher attested she charges an hourly fee of $350 per hour. (Doc. 23, Ex. D). Attorney Mosher has over 30 years of experience and is admitted to practice before this Court, and thus is comparable to Ms. Balin. (Doc. 23, Ex. D).

Ms. Mosher's affidavit supports Plaintiff's request for an increase in fees with regard to because the affidavit makes clear $350 is her hourly rate and not just a reasonable amount. *Bryant,* 578 F.3d at 450. This affidavit lends support to Plaintiff's claim because it is representative of the prevailing rate for attorneys of like specialty and experience. *Id*. Here, the relevant affidavit, the CPI information, which on its own would be insufficient, *Gay v Comm'r of Soc. Sec.,* 2013 WL 1316130 at *4 (6th Cir.), and the fact that the Commissioner has not challenged Plaintiff's request, was enough to justify a higher fee. Based on the evidence provided and the utilization of reasonable reference tools, the Court grants Plaintiff's request to

---

1. Plaintiff's counsel utilizes March 1996 as the starting date of her calculation when Congress raised the EAJA cap to $125. The CPI index for March 1996 was 150.9. Utilizing the CPI provided, the annual index for 2013 was 218.00. An hourly rate of $180.58 is figured as follows: 150.9 is to 218, as $125 is to x, resulting in x equaling $180.58. (Doc. 23, at 7, Ex. I).
2. Utilizing the CPI provided, the annual index for 2014 was 221. An hourly rate of $183.75 is figured as follows: 150.9 is to 221, as $125 is to x, resulting in x equaling $183.75. (Doc. 23, at 7, Ex. J).

increase the hourly amount to $180.58 and $183.75, for the respective years. *See Vasquez v. Astrue*, 2012 WL 3637676 (N.D. Ohio), *Rodriguez v. Astrue*, 2012 WL 2905928 (N.D. Ohio).

Further, the Court notes Plaintiff has made an assignment of fee recovery under the EAJA to attorney Paulette Balin. (Doc. 23, Ex. K). Thus, fees will be made payable to Plaintiff's counsel after compliance with other applicable EAJA provisions.

## CONCLUSION

For the reasons stated above, the Court grants Plaintiff's Motion for Attorney Fees in the amount of $3,567.60, representing a rate of $180.58 per hour for 4.9 hours and a rate of $183.75 per hour for a total of 14.6 hours.

IT IS SO ORDERED.

    s/James R. Knepp, II
United States Magistrate Judge